UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH FRIEDMAN,<br><br>                Plaintiff,<br>    v.<br>ISIDRO BACA et al.,<br><br>                Defendants. | Case No. 3:17-cv-00433-MMD-WGC<br><br>ORDER |

This action is a *pro se* civil rights amended complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff paid the full filing fee in this matter. (ECF No. 4). The Court entered a screening order on March 27, 2018. (ECF No. 15). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF No. 15, 18). The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 23).

Defendants have filed a motion to strike Plaintiff's notice. (ECF No. 21). The Court grants the motion to strike. Five days after the Court scheduled the inmate mediation conference and three months before the actual mediation, Plaintiff filed a notice that Defendants had failed to meaningfully engage in the mediation. (ECF No. 19). The Court finds that this notice was premature and impertinent and strikes the notice. *See* Fed. R. Civ. P. 12(f) (stating that a court may strike impertinent matter from a pleading).

///

1

**IT IS THEREFORE ORDERED** that:

1. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's first amended complaint (ECF No. 16) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

2. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

3. Subject to the findings of the screening order (ECF No. 15), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, *under seal*, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

4. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

5. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the first amended complaint within **sixty (60) days** from the date of this order.

6. Henceforth, Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk of the Court, and any document received by a district judge, magistrate judge, or the Clerk of the Court which fails to include a certificate showing proper service.

7. This case is no longer stayed.

8. The motion to strike (ECF No. 21) is granted. The Clerk of the Court shall strike Plaintiff's notice (ECF No. 19) from the docket.

DATED THIS 18th day of July 2018.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE