1  AARON D. FORD
     Attorney General
2  GERRI LYNN HARDCASTLE, Bar No. 13142
     Deputy Attorney General
3  State of Nevada
   Bureau of Litigation
4  Public Safety Division
   100 N. Carson Street
5  Carson City, Nevada 89701-4717
   Tel: (775) 684-1134
6  E-mail: ghardcastle@ag.nv.gov

7  *Attorneys for Defendants*
   *Romeo Aranas, Bradley Kyle,*
8  *William Pence, Danielle Richard,*
   *Lauren Wing, and Nathaniel Woods*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENNETH FRIEDMAN, | Case No. 3:17-cv-00433-MMD-WGC |
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AT ECF NOS. 47 AND 48** |
| ISIDRO BACA, et al., | |
| Defendants. | |
| | **(Second Request)** |

Defendants, Romeo Aranas, Bradley Kyle, William Pence, Danielle Richard, Lauren Wing, and Nathaniel Woods, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby file this motion for enlargement of time to respond to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction at ECF Nos. 47 and 48. This motion is based Fed. R. Civ. P. 6(b)(1), the following Memorandum of Points and Authorities, and the papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  RELEVANT PROCEDURAL HISTORY**

This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 31. Plaintiff, Kenneth Friedman (Plaintiff), is an inmate in the lawful custody of the Nevada Department of Corrections

///

1

(NDOC). *Id.* at 2. He alleges, *inter alia*, that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution. *Id. passim.*

On January 2, 2019, Plaintiff filed his Motion for Temporary Restraining Order and Preliminary Injunction. ECF Nos. 47, 48.[1] Defendants' response to Plaintiff's motions is due on January 16, 2019. That day, Defendants' filed a motion for enlargement of time to oppose the motion. ECF No. 51. Defendants' explained that they needed additional time to file their opposition in order to compile the documentary evidence and declarations to refute Plaintiff's allegations. *Id.* at 2. This Court graciously granted Defendants' motion and allowed them up to and including January 30, 2019, to file their opposition. ECF No. 52. Although Defendants have diligently sought to complete their opposition in accordance with today's deadline, they are unable to do so. Due to (1) the vague and conclusory nature of the allegations in Plaintiff's motion and declaration, (2) raising factual averments dating back to 2014, (3) needing Plaintiff's medical records from before his incarceration in 2004, and (4) the large number of NDOC records necessary to address the issues in Plaintiff's motion, Defendants unfortunately need a second enlargement of time to respond to this matter. Accordingly, Defendants respectfully request one additional week (or up to and including Wednesday, February 6, 2019, to oppose the motion.

## II. LEGAL STANDARD

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations,

---
[1] ECF Nos. 47 and 48 are the same document.

2

family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## III. DISCUSSION

Defendants' deadline to oppose Plaintiff's motions in today, January 30, 2019. Therefore, they are seeking additional time in advance of the expiration of the deadline and need demonstrate good cause for the requested enlargement. Defendants have diligently attempted to prepare their opposition to Plaintiff's motion in order to comply with this Court's extended deadline. However, Defendants have not yet provided their counsel with several of the documents necessary for this Court to properly decide Plaintiff's motion. Without these documents, this Court would be required to decide Plaintiff's motion in a "he said/they said" scenario. The medical records and other documents will allow this Court to make a sound decision instead of guessing. Defendants do not wish to unnecessarily delay the Court's adjudication of Plaintiff's motion; they simply wish to provide this Court with a proper basis for its decision. Defendants want this Court to rely upon facts and evidence, not just self-serving allegations. Therefore, Defendants request to be allowed up to and including Wednesday, February 6, 2019, to respond to Plaintiff's motions.

## IV. CONCLUSION

As stated, Defendants need additional time to respond to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, because are still compiling all of the necessary information and documents for their response. The information and documentation are essential for this

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Court to properly decide Plaintiff's motions, so Defendants respectfully request that this Court allow them up to and including Wednesday, February 6, 2018, to respond to Plaintiff's motions.

DATED this 30th day of January, 2019.

        AARON D. FORD
        Attorney General

        By: _____
        GERRI LYNN HARDCASTLE
        Deputy Attorney General
        State of Nevada
        Bureau of Litigation
        Public Safety Division

        *Attorneys for Defendants*

**IT IS SO ORDERED.**

_____
**U.S. MAGISTRATE JUDGE**

**DATED:** January 31, 2019