AARON D. FORD
  Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1134
E-mail: ghardcastle@ag.nv.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH FRIEDMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ISIDRO BACA, et al.,<br><br>Defendants. | Case No. 3:17-cv-00433-MMD-WGC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR ORDER REQUIRING INSPECTION, COPYING, POSSESSION OF PERSONAL MEDICAL RECORDS**<br>**(First Request)** |

Defendants, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, Gerri Lynn Hardcastle, Deputy Attorney General, hereby file this motion for enlargement of time to respond to Plaintiff's Motion for Order Requiring Inspection, Copying, Possession of Personal Medical Records. This motion is based Fed. R. Civ. P. 6(b)(1), the following Memorandum of Points and Authorities, and the papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    RELEVANT PROCEDURAL HISTORY**

This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 31. Plaintiff, Kenneth Friedman (Plaintiff), is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC). *Id.* at 2. He alleges, *inter alia*, that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution. *Id. passim.*

On March 4, 2019, Plaintiff filed a Motion for Injunctive Relief/T.R.O. to Allow Legal Calls (ECF No. 74) and the instant Motion for Order Requiring Inspection, Copying, Possession of Personal Medical

Records (ECF No. 73). Defendants have responded to Plaintiff's motion for injunctive relief at ECF No. 74; however, they have been unable to complete their response to Plaintiff's motion regarding his medical records. Defendants therefore request an enlargement of time of one week (or up to and including Monday, March 25, 2019) to respond to Plaintiff's motion.

## II. LEGAL STANDARD

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## III. DISCUSSION

Here, Defendants are seeking an enlargement of time to respond to Plaintiff's motion prior to the expiration of the deadline. Therefore, they must establish good cause for the requested extension.

Defendants assert good cause exists to enlarge the time by which they must respond to Plaintiff's motion. Plaintiff filed two motions on the same day, and Defendants responses to both documents are due today. Defendants are filing their response to one of those motions, but they need additional time to respond to the second. Their counsel is currently preparing for a jury trial scheduled

in another matter, so she has had to devote a significant amount of time to that matter. Nonetheless, she timely filed her clients' response to one of Plaintiff's motions, but she needs additional time to respond to the second. Furthermore, the enlargement Defendants seek is relatively short (just one week) and should not unfairly prejudice Plaintiff.

IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant their motion for enlargement of time and allow them up to and including March 25, 2019 to file their response to Plaintiff's Motion for Order Requiring Inspection, Copying, Possession of Personal Medical Records..

DATED this 18th day of March, 2019.

AARON D. FORD
Attorney General

By: *[signature]*
GERRI LYNN HARDCASTLE
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

IT IS SO ORDERED.

DATED: March 19, 2019.

_____
UNITED STATES MAGISTRATE JUDGE