# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KENNETH FRIEDMAN,

 Plaintiff,

v.

ISIDRO BACA, *et al.*,

 Defendants.

Case No.: 3:17cv-00433-MMD-WGC

**Order**

Re: ECF Nos. 66, 66-1

Plaintiff has filed a motion for leave to amend the supplemental complaint and file an amended supplemental complaint (ECF No. 66), along with a proposed first amended supplemental complaint (ECF No. 66-1). Defendants filed a response. (ECF No. 78.) Plaintiff's motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), and has brought a civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), for conduct that occurred while he was housed at Northern Nevada Correctional Center (NNCC) and High Desert State Prison (HDSP).

**A. Original Complaint & Screening**

Plaintiff filed his original complaint, which the court screened. (ECF Nos. 10, 11.) Plaintiff was allowed to proceed in Count I with an Eighth Amendment claim for deliberate indifference to

a serious medical need based on allegations that defendants Harris and Woods stopped providing treatment for a number of his mental health disorders. The other claims were dismissed with leave to amend. (ECF No. 10.)

**B. Amended Complaint & Screening**

Plaintiff filed an amended complaint, which the court also screened. (ECF Nos. 15, 16.) Plaintiff was allowed to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against NNCC Psychiatrist Harris, NNCC Psychologist Nathaniel Woods, NNCC Psychologist Kyle, and (now former) Medical Director Romeo Aranas. He alleges that these defendants stopped providing him treatment for psychological issues. He alleges that he was previously provided psychiatric services at Southern Nevada Adult Mental Health Services (SNAMHS) prior to his incarceration in Nevada, and then at HDSP, for long-term psychiatric issues including paraphilia, post traumatic stress disorder (PTSD) (VA diagnosed), obsessive compulsive disorder (OCD), severe chronic dysthymia, clinical depression and bipolar disorder. Specifically, he claims he is being deprived of adequate psychotherapy, counseling and rehabilitation, which causes him physical and psychological suffering.

He was also allowed to proceed with a claim under RLUIPA, based on allegations that Woods, Kyle and Aranas would not allow him to obtain therapy unless he cut his hair and beard, in violation of his orthodox Jewish faith tenets.

**C. Supplemental Complaint**

Plaintiff subsequently moved to file a supplemental complaint. (ECF No. 26.) The court granted the motion, noting it would screen the proposed supplemental complaint. (ECF No. 30.) The court screened the supplemental complaint. (ECF No. 36.)

Plaintiff was allowed to proceed with a retaliation claim in Count IV, based on allegations that he learned in April of 2018 that an October 2017 disciplinary charge received from psych nurse Richards was a typical form of retribution by Richards. He claims that Ownsby advised him that Kyle, Pence and Wing created deliberate misdiagnoses after learning of grievances and a lawsuit to evade the need for PTSD treatment, and Plaintiff has been denied PTSD treatment because of this. He alleged that Ownsby was in a position to prevent this, but did nothing.

He also alleged in Count IV, that he was put in the "hole" by Does 1 and 2 and was threatened with a retaliatory transfer to ESP over grievances and litigation. This claim was dismissed without prejudice because Plaintiff did not identify the particular defendants.

He was allowed to proceed with Eighth Amendment and retaliation claims in Count V against Woods and Kyle. These claims were based on allegations that they restricted his access to mental health services to only a male mental health personnel to retaliate against him for filing grievances and lawsuit. He alleges that they were trying to alter or suppress his sexuality and to keep him from seeking mental health services and to discourage litigation.

Finally, Plaintiff asserted a retaliation claim against Does 1 and 2 in Count VI, which was dismissed without prejudice because Plaintiff failed to identify the defendants. There, Plaintiff alleged that on July 16, 2018, these defendants contrived a need to send Plaintiff to Ely State Prison (ESP) as a security risk and placed him in ad-seg based on an incorrect classification score. In addition, they threatened a retaliatory transfer for his complaints and grievances at NNCC. He was then placed in a housing unit with less access to calls, religious activities and yard time. This occurred days after he refused a settlement offer.

///

///

3

**D. Current Status of Defendants**

Harris was dismissed without prejudice as Plaintiff failed to timely serve him under Federal Rule of Civil Procedure 4(m). (ECF No. 33.) District Judge Du issued a notice of intent to dismiss Ownsby, who has yet to be served. (ECF No. 76.) Therefore, currently the defendants are: Psychologist Nathaniel Woods, Psychologist B. Kyle, (former) Medical Director Romeo Aranas, Mental Health Social Worker Pence, Psychologist Wing, and Psych Nurse Richards.

**E. Scheduling Order & Motion to Re-Set Scheduling Order Deadlines**

A scheduling order was issued on December 28, 2018, setting, among other things, a deadline to add or join parties or file an amendment of February 26, 2019.

On February 21, 2019, Plaintiff filed a motion to extend the scheduling order deadlines stating that an amended supplemental complaint that adds new defendants and facts not in the current supplemental complaint is being filed with the court. (ECF No. 64.) At that time, he had not filed a motion for leave to amend or proposed amended pleading. Nor did he specifically stated he needed an extension of the current deadline to file a motion for leave to amend to add a party or facts. Therefore, the motion was denied. (ECF No. 65.)

In light of the ruling on this motion, the court will issue a revised scheduling order.

**F. Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff filed a motion for temporary restraining order and preliminary injunction on January 2, 2019, which the court will set for a hearing and address separately.

**G. Motion to Amend/Proposed First Amended Supplemental Complaint**

On February 21, 2019, before the scheduling order deadline and on the same day the court issued the order denying his motion to re-set the scheduling order deadlines, Plaintiff filed a motion

4

for leave to file an amended supplemental complaint and proposed first amended supplemental complaint. (ECF Nos. 66, 66-1.)

The motion states that Plaintiff seeks leave to file an amended supplemental complaint, adding Lisa Walsh as Doe 1 in Counts IV and VI, noting that he is still uncertain of the identity of Doe 2.

Defendants' response acknowledges Plaintiff should be given leave to amend to add Walsh as a party. Defendants argue, however: (1) Plaintiff still has not identified Doe 2 and has not served ANY discovery as of yet, therefore, Doe 2 should be dismissed; (2) Plaintiff should clarify whether he intends to proceed against Deputy Attorney General Hardcastle; and (3) Plaintiff should be required to file a single amended pleading that incorporates all of the claims and allegations without incorporating by reference any prior pleading. (ECF No. 78.)

## **II. LEGAL STANDARD- LEAVE TO AMEND & SCREENING**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Urbina was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

"Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading *must be complete in and of itself without reference to the superseded pleading* and must include copies of all exhibits referred to in the proposed amended pleading." LR 15-1(a) (emphasis added).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted

by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. DISCUSSION

**A. Leave to Amend**

The court finds, and Defendants agree, that Plaintiff shall be given leave to amend to add Walsh as a defendant. To that end, Plaintiff's motion is granted; however, as will be discussed in more detail below, the court will require Plaintiff to file a new pleading that is complete in and of itself and encompasses *all* of the defendants, claims and allegations that Plaintiff has been allowed to proceed with on screening (including the court's findings on screening of the proposed amended supplemental complaint below).

Plaintiff will not be proceeding against Deputy Attorney General Ms. Hardcastle, as she is not named a defendant in the proposed amended pleading and her name is only mentioned briefly in passing in the proposed pleading.

Finally, Plaintiff will be given 30 days to from the date of this Order to file his second amended complaint. That will also be the deadline for plaintiff to identify Doe 2 as Plaintiff has had sufficient time to conduct discovery to ascertain the identity of this defendant. If Doe 2 is not named in the second amended complaint, Doe 2 will be dismissed from this action without prejudice.

**B. Screening**

**1. Count IV**

Plaintiff alleges that he learned in April 2018 that an October 2017 disciplinary charge by Psych Nurse Danielle Richards was a typical form of retaliation Richards would carry out on behalf of Woods and Kyle against inmate grievances or lawsuits against NNCC staff. He alleges that the charge was false and made up that Plaintiff was interfering with her duties. He avers that Ownsby advised Plaintiff as much, and that since learning of Plaintiff's grievances and lawsuit since 2017, the head psychologist Kyle had been creating and encouraging creation of misdiagnoses of some of Plaintiff's mental health conditions (in collusion with Pence and Wing) on PTSD. He claims this was done to minimize or eliminate the appearance of a need for PTSD treatment despite decades of diagnoses and treatment for PTSD. He asserts he has been denied counseling for PTSD and related problems because of this interference. Plaintiff maintains that Ownsby was in a position to prevent this, but took no action.

///

///

Then, Plaintiff alleges that in July 2018, when he refused to settle this lawsuit with defense counsel Deputy Attorney General Hardcastle, Lisa Walsh ordered Plaintiff locked up in administrative segregation on an invalid custody points issue, and made numerous threats to send him on retaliatory transfers from NNCC if he would not cease litigation and grievances at NNCC. He was subsequently released from administrative segregation, pending what he claims was an invalid punitive transfer to ESP.

Plaintiff states a colorable retaliation claim against Richards, Woods, Kyle, and Ownsby based on allegations that disciplinary charges were filed against him in retribution for filing grievances and lawsuits against NDOC staff. In addition, he states a colorable Eighth Amendment claim against Ownsby, Kyle, Woods, Pence, and Wing based on allegations that they engaged in knowing misdiagnoses so Plaintiff would not receive treatment for his PTSD.

Finally, Plaintiff states a colorable retaliation claim against Walsh based on allegations that she locked him up in administrative segregation when he refused to settle this case, and threatened a retaliatory and punitive transfer to ESP if he did not cease filing grievances and lawsuits. It appears, however, that there is some overlap among these allegations and the allegations asserted against Walsh and Doe 2 in Count VI. When Plaintiff files his second amended complaint, he should include the allegations against Walsh from Count IV with the allegations against Walsh and Doe 2 in Count VI, to create a single retaliation claim with respect to these allegations.

Plaintiff should be advised that if Ownsby is not served by April 5, 2019, Ownsby will be dismissed from this action without prejudice under Federal Rule of Civil Procedure 4(m). (*See* ECF No. 76.)

///

///

**2. Count V**

Plaintiff alleges that while attempting to fully exhaust additional grievances on defendants Woods, Kyle, Pence, Ownsby, and Richards, they severely restricted his access to mental health services at NNCC to strictly non-female staff for counseling. He claims this resulted in his only being able to consult with male mental health staff member William Pence. He asserts there was no legitimate medical reason given for this, and it made access to mental health care constrained. He asserts that Pence made Plaintiff deliberately uncomfortable about homosexuality, and that Kyle, Woods, and Pence knew Plaintiff suffered mental pain, reactions, and panic attacks in response to Pence, and thereby discouraged and dissuaded Plaintiff from obtaining mental health treatment. He alleges this caused him months of increased anxiety, nightmares, chest pain and stigma, because he as the only prisoner under such restrictions. He avers that this was to punish grievances and litigation.

Plaintiff states colorable Eighth Amendment and retaliation claims against Woods, Kyle, Pence, Ownsby and Richards based on allegations that they restricted him to seeing only non-female mental health staff members because of his protected conduct, which resulted in his access to mental health care being severely constrained. Again, if Ownsby is not served by April 5, 2019, he will be dismissed from this action without prejudice.

**3. Count VI**

Plaintiff alleges that Lisa Walsh colluded with defendants, their counsel, Deputy Attorney General Hardcastle, and Doe 2, on July 16, 2018, to contrive a false classification score in order to lock Plaintiff up in administrative segregation for refusing to settle this case and threatened to ship him to ESP. He describes ESP as a high custody and dangerous facility which has little or no mental health programs as compared to other facilities. Plaintiff also alleges he has enemies at

ESP, which Walsh refused to acknowledge. He claims this was a threat of a hostile, retaliatory transfer if he did not cease with grievances and lawsuits. He was let out from administrative segregation days later after staff admitted the lock-up was unwarranted, but was sent to austere housing unit 4. In that unit, he had less access to legal calls and other privileges. Plaintiff also asserts that after refusing to stop filing grievances and litigation, Walsh and Doe 2 again locked Plaintiff in administrative segregation on the basis of invalid, anonymous kites threatening him without conducting a proper investigation. He states that he was sent to SDCC, a facility that his classification notes prohibit him from being sent to. He claims this led to hospitalization and trauma.

Plaintiff states a colorable retaliation claim against Walsh and Doe 2. Again, Plaintiff does not include Deputy Attorney General Hardcastle as a defendant; therefore, the claim will not proceed against her. Plaintiff may proceed against Doe 2 for now, but must identify Doe 2 in the second amended complaint or Doe 2 will be dismissed without prejudice.

### IV. CONCLUSION

(1) Plaintiff's motion for leave to amend (ECF No. 66) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff is **GRANTED** leave to amend to state the claims asserted in Counts IV, V and VI in the proposed amended supplemental complaint, as screened by the court above; however, Plaintiff must file a single pleading, titled the "SECOND AMENDED COMPLAINT." The second amended complaint shall contain ALL of the defendants, claims and allegations which the court has allowed Plaintiff to proceed on screening the amended, supplemental and first amended supplemental complaint. It must not include any additional allegations, claims or parties. It must not include parties, claims or allegations that have been dismissed. To make this very clear,

Plaintiff's second amended complaint may include the following claims from the amended complaint and proposed amended supplemental complaint:

(a) The Eighth Amendment deliberate indifference to serious medical needs claim (from the amended complaint) against Woods, Kyle, and Aranas, based on allegations that these defendants have deprived him of adequate psychotherapy, counseling and rehabilitation, in contravention of prior orders and treatment he received for his various mental health issues (both at SNAMHS and previously at HDSP).

(b) The RLUIPA claim (from the amended complaint) against Woods, Kyle and Aranas, based on allegations that they would not allow Plaintiff to obtain therapy unless he cut his hair and beard, in violation of the tenets of his orthodox Jewish faith.

(c) The retaliation claim (from Count IV of the proposed amended supplemental complaint) against Richards, Woods, Kyle and Ownsby, based on allegations that disciplinary charges were filed against him in retribution for filing grievances and lawsuits against NDOC staff. If Ownsby is not served by April 5, 2019, the action will not proceed against Ownsby, and he will be dismissed from this action without prejudice.

(d) The Eighth Amendment deliberate indifference to serious medical needs claim (from Count IV of the proposed amended supplemental complaint) against Ownsby, Kyle, Woods, Pence, and Wing, based on allegations they engaged in knowing misdiagnoses so Plaintiff would not receive treatment for his PTSD. Again, if Ownsby is not served by April 5, 2019, the action will not proceed against Ownsby, and he will be dismissed from this action without prejudice.

(e) Eighth Amendment and retaliation claims against Woods, Kyle, Pence, Ownsby, and Richards (from Count V of the proposed amended supplemental complaint) based on allegations

that they restricted him to seeing only non-female mental health staff members because of his protected conduct, which resulted in his access to mental health care being severely constrained.

(f) A retaliation claim against Walsh and Doe 2 (from Counts IV and VI of the proposed amended supplemental complaint) based on allegations that they contrived a false classification score to lock Plaintiff up in administrative segregation after he refused to settle this case, and threatened him with a punitive transfer to ESP. In addition, after being released from administrative segregation, he alleges he received a retaliatory transfer to SDCC, which his classification notes precluded, on the basis of a false pretext of anonymous threatening kites against him which were not properly investigated. Plaintiff must identify Doe 2 in the second amended complaint or Doe 2 will be dismissed without prejudice from this action. If Doe 2 is not identified by that time, the dismissal will be without prejudice, but without leave to amend in this action as Plaintiff will have had ample time to conduct discovery to ascertain Doe 2's identity. Plaintiff can bring another action if Doe 2 is subsequently identified, but should be mindful of the two-year statute of limitations applicable to section 1983 civil rights claims in Nevada.

(2) Plaintiff has **30 days** from the date of this order to file the second amended complaint. If Plaintiff wishes to proceed against Doe 1, that defendant must be identified and named in the second amended complaint, or Doe 2 will be dismissed. To reiterate, Plaintiff may not incorporate by reference any prior pleading. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the second amended complaint will no longer be before the court. If Plaintiff fails to file a second amended complaint within the 30 days, the action may be dismissed.

(3) Within **14 days** of the filing of the second amended complaint, the Attorney General's Office must file a notice with the court advising of those defendants for whom it accepts service, and filing the last known address under seal for those defendants for whom it cannot accept service.

(4) Within **21** days of the filing of the second amended complaint, the defendants must file a responsive pleading.

(5) The court will issue a revised scheduling order; however, this case was originally filed in July of 2017, and so the court will not be extending the deadline to add parties or amend (except that Plaintiff has 30 days from the date of this order to name Doe 2). As such, any further request for leave to amend will not be received favorably, and must establish the more stringent good cause standard applicable to a motion for leave to amend filed after the expiration of the Rule 16 scheduling order deadline. *See* Fed. R. Civ. P. 16(b)(4); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).

**IT IS SO ORDERED**.

Dated: March 20, 2019.

_____
William G. Cobb
United States Magistrate Judge