**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KENNETH FRIEDMAN,

Plaintiff,

v.

ROMEO ARANAS, et. al.

Defendants.

Case No.: 3:17-cv-00433-MMD-WGC

**Report & Recommendation of United States Magistrate Judge**

Re: ECF No. 74

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Injunctive Relief/TRO to Allow Legal Calls. (ECF No. 74.) Defendants filed a response (ECF No. 79), and Plaintiff filed a reply (ECF No. 95).

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Sec. Am. Compl., ECF No. 100.) He is currently housed at High Desert State Prison (HDSP). The events giving rise to his action took place while he was housed at Northern Nevada Correctional Center (NNCC) and HDSP.

Plaintiff's second amended complaint (SAC) alleges that his Eighth Amendment rights were violated when defendants failed to provide him with treatment for psychological issues consistent with his prior treatment and prior physicians' orders. He also alleges a RLUIPA claim based on allegations that certain defendants would not allow him to obtain therapy unless he cut his hair and beard in violation of his orthodox Jewish faith tenets. He also has retaliation claims

related to both his psychiatric care and transfers that he claims were due to his filing of grievances as well as this lawsuit.

In this motion, Plaintiff claims Defendants have been curtailing his access to legal calls in retaliation for this litigation. He states these communications are essential and bear on the outcome of his claims of actual innocence and habeas corpus. He asks for an order that he have regular and daily access to the inmate telephone system to make legal calls without limitation, at reasonable times, as may be requested by Plaintiff. He also wants an order that non-emergency or personal calls of other inmates not take precedence over Plaintiff's legal calls. He references needing to make calls to attorneys he is consulting with regarding medical records and up to four attorneys involved in his habeas proceedings.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an “extraordinary and drastic remedy” that is “never awarded as of right.” *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court “must balance the competing claims of injury and must consider the effect on each

party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted). ). The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are met." *Alliance for the Wild Rockies v. Cottress*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

## **III. DISCUSSION**

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 635 (9th Cir. 2015) (adopting the rule from *Devose v. Herrington*, 42 F.3d 740, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id*. "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." *Id*. (citation and quotation marks omitted).

Here, Plaintiff claims that his First and Sixth Amendment rights are being violated because he is not getting unlimited access to legal calls. There is not a sufficient nexus between this claim and the claims proceeding in this case which deal primarily with Plaintiff's mental health care. While Plaintiff does have some retaliation claims, there is not a sufficient nexus between those claims concerning his mental health care and purported retaliatory transfers and the allegations being made in this motion for injunctive relief to be appropriate.

For these reasons, it is recommended that Plaintiff's motion be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motion (ECF No. 74).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 22, 2019.

William G. Cobb
United States Magistrate Judge