UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KENNETH FRIEDMAN,<br><br>                             Plaintiff,<br>    v.<br>ROMEO ARANAS, *et al.*,<br>                            Defendants. | Case No. 3:17-cv-00433-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 105) ("R&R") relating to Plaintiff's Motion for Injunctive Relief/TRO to Allow Legal Calls ("Motion") (ECF No. 74). The Court has reviewed Plaintiff's objection ("Objection") to the R&R (ECF No. 106) and Defendants' response (ECF No. 109). The Court accepts and adopts the R&R.

**II.    LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no

objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's Objection, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. Upon reviewing the R&R and underlying briefs, this Court finds good cause to accept and adopt the R&R in full.

## III. DISCUSSION

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Nat. Res. Def. Council,* 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am.Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Finally, "[a] preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (adopting the rule from *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

In the Motion, Plaintiff argues that Defendants have been limiting his access to legal calls in violation of Defendants' own policy as retaliation for this action. (*See, e.g.*, ECF No. 74 at 1, 2, 7–9.) He claims the need for greater access to make phone calls for legal

2

1 and personal reasons. (*See, e.g., id.* at 2.) As to legal matters, beyond this action Plaintiff
2 claims the need to confer with his counsel via phone for his actual innocence and habeas
3 proceedings. (*Id.* 1, 2, 7–9.) In addition to asking that the Court orders Defendants to
4 comply with its "practice and procedures" regarding phone calls for inmates, Plaintiff asks
5 this Court to order Defendants to:

> allow this Plaintiff . . . regular and daily access to the inmate telephone system to make legal calls without limitation, consistent with NDOC policy, regulations, operational procedure at reasonable times in mornings, and or afternoons, as may be requested by Plaintiff.

(*Id.* at 12.)

In the R&R, Judge Cobb recommended that the Court denies Plaintiff's Motion due to insufficient nexus between the issue of Plaintiff's mental health primarily underlying this action and the issue of unlimited access to legal calls, despite the latter being raised as part of Plaintiff's retaliation claim. (ECF No. 105 at 4–5.) In addition to pointing out that the access to legal calls is part of his retaliation claim asserted in his Second Amended Complaint ("SAC"),[1] Plaintiff objects to the R&R, contending that Judge Cobb was wrong on his specific rulings. (ECF No. 106; *see also* ECF No. 100 at 12.) Plaintiff particularly contends that Judge Cobb wrongly stated that Plaintiff had requested unlimited legal calls[2] and in concluding that the nexus between the Motion and the claims in the SAC was insufficient for a grant of injunctive relief. (ECF No. 106.) Defendants respond, highlighting *inter alia*, that Plaintiff's Motion concerns matters or legal calls outside the scope of this case and Plaintiff otherwise fails to show irreparable harm. (ECF No. 109.)

The Court finds that *at minimum* the relief Plaintiff seeks in the Motion is not narrowly tailored to this action, much less the specific harms asserted. Moreover, the relief Plaintiff seeks in the Motion is discrete from the relief requested in the SAC. (*See* ECF No.

---

[1]In the SAC, Plaintiff asserts deprivation of legal calls in one cause of action for retaliation in just four words. (ECF No. 100 at 12 (Plaintiff claiming he was transferred to housing unit with, among other things, "far less phone access").)

[2]*But see* above quoted language.

3

100 at 15 (Plaintiff chiefly seeking monetary damages and merely listing "injunctive relief" whether further specification).) The Court therefore agrees the Motion should be denied and accordingly accepts and adopts the R&R in full.

**IV.  CONCLUSION**

Based on the foregoing, it is ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 105) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's objection to the R&R (ECF No. 106) is overruled. Plaintiff's Motion for Injunctive Relief/TRO to Allow Legal Calls (ECF No. 74) is denied.

DATED THIS 21st day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE