AARON D. FORD
  Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1134
E-mail:  ghardcastle@ag.nv.gov

*Attorneys for Defendants*
*Romeo Aranas, Bradley Kyle,*
*William Pence, Danielle Richard,*
*Lauren Wing, and Nathaniel Woods*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENNETH FRIEDMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ISIDRO BACA, *et al.*,<br><br>Defendants. | Case No.  3:17-cv-00433-MMD-WGC<br><br>**ORDER GRANTING**<br><br>**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL AT ECF NO. 122**<br><br>**(First Request)** |

Defendants, Romeo Aranas, Bradley Kyle, William Pence, Danielle Richard, Lauren Wing, and Nathaniel Woods, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby file this motion for enlargement of time to respond to Plaintiff's Motion to Compel at ECF No. 108.  This motion is based Fed. R. Civ. P. 6(b)(1), the following Memorandum of Points and Authorities, and the papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  RELEVANT PROCEDURAL HISTORY**

This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  ECF No. 31.  Plaintiff, Kenneth Friedman (Plaintiff), is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC).  *Id.* at 2.  He alleges, *inter alia*, that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution.  *Id. passim*.  On June 4, 2019, Plaintiff filed his Motion

to Compel Discovery. ECF No. 122. Defendants' response is due today. Defendants are unable to timely file their response and therefore request up to and including Thursday, July 18, 2019, to respond.

One reason Defendants need additional time to respond is because of the burden Plaintiff has placed upon them and their counsel by the number of the overly litigious nature of these proceedings. Plaintiff has made a litany of discovery requests and filed a litany of motions, many of which are unnecessary or premature. Plaintiff even has an appeal pending before the Ninth Circuit in this case. Without regard to the merit of Plaintiff's filings and discovery requests, Defendants must nonetheless respond.

Additionally, Defendants need additional time to respond because the Litigation Division of the Office of the Attorney General is currently severely short-staffed. The burden this has placed on the attorneys remaining in the division, including Defendants' counsel, is currently overwhelming.[1]

Accordingly, Defendants respectfully request that this Honorable Court allow them thirty (30) additional days, or up to and including Thursday, July 18, 2019, to respond.

## II. LEGAL STANDARD

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made."

---

[1] The leadership within this division is addressing this issue and, hopefully, the shortstaffing will be resolved in thirty (30) to sixty (60) days.

2

*Creedon v. Taubman*, 8 F.R.D. 268, 269 (D. Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### III. DISCUSSION

Defendants' deadline to oppose Plaintiff's Motion to Compel is today, June 18, 2019. Therefore, they are seeking additional time in advance of the expiration of the deadline and need demonstrate good cause for the requested enlargement. Good cause exists to enlarge the time for their response, based upon Plaintiff's overly litigious approach to this litigation and counsel's inability to complete the opposition due to her current workload. Defendants are seeking this enlargement in good faith and not for the purpose of any unnecessary delay. Moreover, Defendants do not perceive any possible prejudice to Plaintiff if this motion is granted. Therefore, Defendants request to be allowed up to and including Thursday, July 18, 2019, to respond to Plaintiff's motion.

### IV. CONCLUSION

As stated, Defendants need additional time to respond to Plaintiff's Motion to Compel and respectfully request that this Court allow them up to and including Thursday, July 18, 2019, to respond to Plaintiff's motion.

DATED this 18th day of June, 2019.

AARON D. FORD
Attorney General

By: _____
GERRI LYNN HARDCASTLE, Bar No. 13142
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED.

DATED: June 19, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

3