UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH FRIEDMAN, | Case No.: 3:17-cv-00433-MMD-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| ROMEO ARANAS, *et al.*, | Re: ECF No. 43 |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed a Motion for Injunctive Relief for Expungement of Report of Ex-Employee Jennifer Sexton. (ECF No. 143.) Defendants did not oppose the motion.

After a thorough review, it is recommended that the motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 100.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC) and High Desert State Prison (HDSP). Defendants are Romeo Aranas, Shelly Conlin, Bradley Kyle, William Pence, Danielle Richards, Lisa Walsh, Lauren Wing and Nathaniel Woods.

The SAC alleges that Plaintiff's Eighth Amendment rights were violated when Defendants failed to provide Plaintiff with treatment for psychological issues consistent with his prior treatment and prior physicians' orders. He also alleges a claim under the Religious Land Use and

Institutionalized Persons Act of 2000 (RLUIPA), based on allegations that certain defendants would not allow him to obtain therapy unless he cut his hair and beard in violation of his orthodox Jewish faith tenets. He also has retaliation claims related to both his psychiatric care and transfers that he claims were due to his filing of grievances as well as this lawsuit.

In this motion, Plaintiff requests an order that Defendants remove and expunge from his medical file a recent three-page report authored by Jennifer Sexton, Ph.D., because Plaintiff claims it is overly speculative, unsupported and contrary to other facts in the record.

## **II. LEGAL STANDARD**

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is

likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted). ). The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are met." *Alliance for the Wild Rockies v. Cottress*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary

3

injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

### III. DISCUSSION

Plaintiff filed a motion for temporary restraining order and preliminary injunction to ensure he receives proper medical care and protection from retaliation. (ECF No. 47.) The court held a hearing on the motion on March 28, 2019, and ordered that further psychological/psychiatric evaluation needed to be performed for the court to determine the issues presented in Plaintiff's motion. (ECF No. 96.) As such, the court ordered that psychological/psychiatric evaluation(s) be performed, and required that a comprehensive report be filed with the court under seal. Then, the parties would be allowed to submit any comment they have regarding the comprehensive report.

Plaintiff filed a notice and motion to compel, arguing that Defendants refused to comply with the court's order that further evaluations take place. (ECF Nos. 113/114.) Plaintiff asserted that Defendants sent Dr. Garofalo to conduct the evaluation, but in his housing unit and not in the medical unit, where it could be overheard by other inmates and staff, which Plaintiff found unacceptable. The motion mentioned that Defendants had assured the court that it would be Dr. DePry who would perform the evaluations, but it was not Dr. DePry who attempted to evaluate

him. (ECF Nos. 113/114 at 8.) He asked the court to make Defendants comply with the court's order by having an evaluation conducted in a confidential setting.

On June 11, 2019, Defendants filed NDOC's comprehensive report from Dr. Sexton (who had since left employment with the NDOC) regarding Plaintiff's mental health condition. ECF No. 129-1 contained a three-page document that included a summary of the evaluations performed and Dr. Sexton's interpretation and conclusions regarding those evaluations, as well as the evaluations and relevant progress notes. ECF No. 129-2 contained only Dr. Sexton's three-page summary and conclusions with two sentences redacted, but did not contain the evaluations or progress notes.

The court held a hearing on various matters related to the comprehensive report on June 19, 2019. (Minutes at ECF No. 135.) Plaintiff represented that he had spoken to Dr. DePry, who said he would recommend some additional testing. The Attorney General's Office took the position that all testing ordered by the court had been completed, but Deputy Attorney General Hardcastle nevertheless indicated that she had spoken with Dr. DePry, and he indicated that a supplemental report would need to be submitted. Defendants ended up withdrawing their submission of the report from Dr. Sexton (ECF Nos. 129, 129-1, 129-2) because a new report from Dr. DePry would be filed. As a result, the prior submission by Dr. Sexton was stricken from the record. The court ordered that the new report by Dr. DePry would be due by June 28, 2019, and gave the parties until July 12, 2019 to comment on the report. The new report was to be made available to Plaintiff.

On June 28, 2019, Defendants filed a Dr. DePry's comprehensive report regarding Plaintiff's mental health condition under seal. (ECF Nos. 138, 138-1.) Plaintiff filed his comments on Dr. DePry's report on July 10, 2019. (ECF No. 141.) Defendants sought and were granted an extension of time until August 2, 2019, to file their comments as to the report. (ECF Nos. 146,

151.) Plaintiff was given an opportunity to file any supplemental comments to the report by this date as well. (ECF No. 151.)

On the same date, Plaintiff filed this motion requesting that the three-page report authored by Jennifer Sexton (submitted at ECF Nos. 129-1, 129-2) be expunged. He acknowledges that it was stricken from the record (though he incorrectly claims this was because the court found it to be improper), but apparently wants it expunged from his medical file as well. He claims that Dr. Sexton's report is speculative and unsupported and will result in his care being denied or delayed, and will serve to "poison the record."

Plaintiff's motion should be denied. Dr. Sexton's report has been stricken from the court's record because the Defendants agreed to withdraw it and submit a new comprehensive report from Dr. DePry.

Dr. DePry's report, along with the arguments/comments from the parties, is what this court will rely on in evaluating Plaintiff's motion for temporary restraining order and preliminary injunction. Evaluations were conducted and Dr. Sexton prepared a report with interpretations of evaluations and conclusions, but that has been subsumed by Dr. DePry's report as far as the court's evaluation of Plaintiff's pending motion for temporary restraining order and preliminary injunction regarding his mental health treatment is concerned. That does not mean that Dr. Sexton's report should be excluded from Plaintiff's medical file altogether. The fact that Plaintiff disagrees with Dr. Sexton's interpretations and conclusions does not mean that there are legal grounds for expunging it from his medical record. Plaintiff may make whatever arguments he has against the report if it were ever to become relevant to the court's analysis of his claims, but the court does not find that there is a basis for the court to legally determine it should not be a part of his medical file.

In sum, the court cannot conclude that Plaintiff will be irreparably harmed if the report is allowed to remain in his medical file. Moreover, while Plaintiff argues that the report is improper, he does not actually address the likelihood of success on the merits of his Eighth Amendment claims, which is the relevant inquiry for purposes of such a motion. Nor does the court find that removing a medical record would be in the public's interest, or that the balance of hardships weighs in Plaintiff's favor. Therefore, Plaintiff's motion for injunctive relief should be denied.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for injunctive relief for expungement of report of ex-employee Jennifer Sexton. (ECF No. 143.)

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 1, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge

7