# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Plaintiff,

v.

ROMEO ARANAS, *et al.*,

    Defendants.

Case No.: 3:17-cv-00433-MMD-WGC

**Case Management Order**

On March 20, 2019, the court entered its order granting in part and denying in part Plaintiff's motion for leave to file a second amended complaint (SAC). The court ordered Plaintiff to file the SAC within 14 days, and then within 14 days of the filing of the SAC the Attorney General's Office was ordered to advise the court of the defendants for whom it accepted service and file under seal the addresses of those defendants in the SAC for whom it was not accepting service. Defendants were also ordered to file a responsive pleading within 21 days of the filing of the SAC. (ECF No. 83.) The same day, the court issued an updated scheduling order. (ECF No. 84.)

Plaintiff filed the SAC on April 10, 2019. (ECF No. 100.) It names as defendants: Romeo Aranas, Shelly Conlin, Bradley Kyle, Keith Ownsby, William Pence, Danielle Richards, Lisa Walsh, Lauren Wing, and Nathaniel Woods. Ownsby was subsequently dismissed without prejudice due to Plaintiff's failure to serve him. (ECF No. 103.)

The Attorney General's Office has yet to file a notice indicating those defendants for whom it is accepting service or filing under seal the last known address of those defendants named in the SAC for whom it does not accept service. Nor has a responsive pleading been filed as to the SAC. Documents have been filed in the case on behalf of defendants: Aranas, Kyle, Pence, Richard, and

Woods, indicating that service has been accepted on behalf of those defendants, but there has been no indication as to the status of service for Conlin, Walsh, or Wing.

On May 28, 2019, the court granted Defendants' motion for an extension of scheduling order deadlines and set the following new deadlines: a discovery completion deadline of July 19, 2019; a dispositive motion deadline of August 19, 2019; and a joint pre-trial order deadline of September 18, 2019 (unless dispositive motions are filed, in which case the deadline is 30 days after a decision on the dispositive motions). (ECF No. 118.)

On July 18, 2019, the day before the discovery cutoff, Defendants filed a motion for leave to depose the incarcerated Plaintiff. (ECF No. 147.) On the same date they filed their motion for leave to stay this case. They ask the court to stay these proceedings until August 19, 2019, because counsel has an answering brief due in the Ninth Circuit in this case on August 5, 2019, and the litigation bureau of the Attorney General's Office is short-staffed. (ECF No. 148.) Plaintiff has not filed a response.

On July 19, 2019, the court granted the motion for leave to depose Plaintiff (ECF No. 150), and on the same day Plaintiff filed an emergency motion for a protective order concerning his deposition (ECF No. 149). In light of this filing, the court issued an order directing Defendants to defer taking the deposition until after Defendants filed a response to the emergency motion and the court resolved the motion.

This court notes that there have been an inordinate amount of filings in this case up to this point. The court is still awaiting relevant information to resolve Plaintiff's motion for temporary restraining order and preliminary injunction regarding his mental health treatment that was originally filed in January of 2019. The difficulty managing this case has been compounded by the fact that Plaintiff's filings present an excessive amount of briefing relative to the issues raised, and

Plaintiff has on several occasions moved for relief that is collateral to the issues proceeding in this case.

In an effort to comply with Federal Rule of Civil Procedure 1's mandate that the court construe the rules to "secure the just, speedy, and inexpensive determination" of this action, the court finds it necessary to take additional steps to manage this case. Therefore, the court will grant Defendants' motion to stay proceedings in part.

## **CONCLUSIONS**

Defendants' motion to stay this case (ECF No. 148) is **GRANTED IN PART.** This case will be stayed until **August 19, 2019**, except that the parties are still required to submit their briefing regarding Dr. DePry's report by **August 2, 2019**. Briefing on the motion for temporary restraining order and preliminary injunction will then be considered complete and the court will take the matter under submission.

The scheduling order deadlines currently in place are **VACATED**.

On or before **August 30, 2019,** the Attorney General's Office shall advise the court and Plaintiff whether it accepts service for Conlin, Walsh, and Wing, and if not, their last known addresses should be filed under seal. For any defendant for whom the Attorney General's Office does not accept service, the court will issue summonses for those addresses filed under seal.

On or before **September 11, 2019,** the Defendants shall file a responsive pleading to the SAC.

Defendants shall refrain from taking Plaintiff's deposition until the court has resolved his emergency motion for a protective order regarding his deposition. Defendants shall file a response to Plaintiff's motion for a protective order concerning his deposition on or before **August 30, 2019**.

Plaintiff may file a reply brief on or before **September 11, 2019**. The court will then address the motion and set new scheduling order deadlines, holding a hearing if necessary.

Defendants' deadline to respond to Plaintiff's pending motion for partial summary judgment on the RLUIPA claims is extended to **September 16, 2019**. Plaintiff's reply is due on or before **October 4, 2019.**

**IT IS SO ORDERED**.

Dated: August 1, 2019.

_____
William G. Cobb
United States Magistrate Judge