# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Plaintiff,

v.

ISIDRO BACA, *et al.*,

    Defendants.

Case No.: 3:17-cv-00433-MMD-WGC

**ORDER**

Re: ECF No. 122

On June 3, 2019, Plaintiff filed a Motion to Compel, identified by Plaintiff as "First Motion." (ECF No. 122.) This filing was actually Plaintiff's *third* motion to compel, following two previous motions to compel, ECF Nos. 108 and 114. On June 19, 2019, the court extended Defendants' response deadline to July 18, 2019. (ECF No. 134.) At a motion hearing conducted that same date (i.e., June 19, 2019), the court directed that Plaintiff's reply to Defendants' opposition would be due by August 8, 2019 (ECF No. 135). However, it does not appear that Defendants have responded to Plaintiff's motion to compel (ECF No. 122), which may be due in part to the voluminous filings in just the past ninety (90) days in this case, i.e., approximately sixty (60) filings.[1]

///

///

---

[1] Subsequent to the unsuccessful mediation of this matter a little over a year ago, there have been close to 160 filings in this case.

1

The court's minute order of August 27, 2019, scheduled a hearing on Plaintiff's motion to compel (ECF No. 122) and on other matters for September 24, 2019. (ECF No. 176.) In the court's initial preparation for the hearing, the court more closely examined Plaintiff's motion to compel (ECF No. 122) and finds that it fails to comply with LR 26-7(b), which requires movant to "set forth in full the text of the discovery originally sought and any response to it." Instead, Plaintiff attaches a copy of a lengthy letter Plaintiff wrote to Deputy Attorney General Hardcastle wherein he objects to:

(1) Eight (8) responses by "Defendants" to Plaintiff's First Request for Production ("Defendants" in general with no specification as to which Defendant was responding);

(2) Four (4) responses by "Defendants" to Plaintiff's Second Request for Production;

(3) Defendant Aranas two (2) responses to twelve (12) of Plaintiff's Requests for Admissions;

(4) Defendant Walsh's responses to thirteen (13) of Plaintiff's specified interrogatories;

(5) Defendant Walsh's responses to thirty-six (36) of Plaintiff's specified Requests for Admissions;

(6) Defendant Conlin's responses to nine (9) of Plaintiff's specified interrogatories;

(7) Defendant Conlin's responses to twenty-six (26) of Plaintiff's specified Requests for Admissions;

(8) Defendant Pence's responses to sixteen (16) of Plaintiff's specified interrogatories;

(9) Defendant Pence's responses to seventeen (17) of Plaintiff's specified Requests for Admissions; and

1     (10) Defendant Richard's responses to twenty-two (22) of Plaintiff's specified Requests

2         for Admissions.

(Plaintiff's letter to counsel, ECF No. 122, pp. 3-5.)

    The remainder of Plaintiff's thirty-nine (39) page letter appears to be a more specific discussion of certain Defendants' discovery responses. However, while Plaintiff's letter references ten (10) "exhibits," none of the "exhibits" accompanied Plaintiff's motion to compel. Plaintiff's letter does not comply with the LR 26-7(b) obligation of a party pursuing a discovery motion to set forth "in full the text of the discovery and any response to it."

    Plaintiff's motion to compel (ECF No. 122) is **<u>DENIED</u>**, albeit without prejudice. However, before re-filing a motion to compel should Plaintiff choose to do so, Plaintiff should take heed of amended Fed. R. Civ. P. 26(b)(1) which requires discovery to be *specifically tailored* to the issues presented by the pleadings (i.e., relevant to any party's claim or defense), *proportional* to the needs of the case and subject more intensive supervision by the court over the discovery process.

    Fed. R. Civ. P. 26(b)(1) defines the scope of permissible discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*See* Fed. R. Civ. P. 26(b)(1) (emphasis added). Thus, to be discoverable under Fed. R. Civ. P. 26(b)(1), the information sought must be (1) "relevant to any party's claim or defense" and

(2) "proportional to the needs of the case." Not having been presented with Plaintiff's discovery requests and each Defendant's responses (as LR 26-7 requires), the court is unable to make a specific determination of whether Plaintiff's discovery satisfies this criteria. However, from reviewing Plaintiff's letter and his discussion of the claimed shortcomings of the Defendants' responses, the court is skeptical Plaintiff's discovery will comply with the proportional mandate of Rule 26. The court is denying Plaintiff's motion, albeit without prejudice, meaning Plaintiff may technically renew a motion compel. However, to perhaps provide some parameters to Plaintiff's discovery, the court will discuss the import of the discovery rules and how this court will enforce the Rule, particularly with regard to proportionality.

**A. Relevancy**

Under the first prong of this test, for information to be discoverable, it must be "relevant to any party's claim or defense." *Id.* The term "relevant" is not defined in the Rules, but relevance is generally construed broadly. However, to be relevant, the discovery has to pertain to a claim, issue or defense that is pleaded in the case. *Amgen, Inc. v. Hospira, Inc.*, 866 F.3d 1355, 1361 (Fed. Cir. 2017).

**B. Proportionality**

Under the second part of the Fed. R. Civ. P. 26(b)(1) test, to be discoverable, information must be "proportional to the needs of the case." The 2015 amendments added the proportionality requirement for permissible discovery—relevancy alone is no longer sufficient. As the Rule states, when determining whether discovery is "proportional to the needs of the case," the court must examine the information requested in light of six factors: "[1] the importance of the issues at stake in action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4]

the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C) further restricts discovery. It requires the court to limit the frequency or extent of discovery if the court determines that the discovery sought is (1) "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or and to less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" and (3), as particularly pertinent to the discovery requests propounded by Plaintiff, "the proposed discovery is outside the scope of Rule 26(b)(1)." *See* Fed. R. Civ. P. 26(b)(2)(C). In deciding whether to restrict discovery under Fed. R. Civ. P. 26(b)(2)(C), the court "should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *See Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 602 (D. Nev. 2016) (quoting *Smith v. Steinkamp*, 2002 WL 1364161, at *6 (S.D. Ind. May 22, 2002)).

Magistrate Judge Peggy Leen, who authored the *Roberts* decision, provided an excellent overview of the genesis of the amendments to Rule 26, which are worthy of review at this point in this court's analysis of Plaintiff's motion to compel:

> Since the late 1970s, the Supreme Court and the Advisory Committee on the Civil Rules have encouraged trial courts to exercise their broad discretion to limit and tailor discovery to avoid abuse and overuse. The trial courts have been urged to actively manage discovery to accomplish the goal of Rule 1 of the Federal Rules of Civil Procedure—"to secure the just, speedy, and

5

inexpensive determination of every action and proceeding."

In 1983, Rule 26 was amended to add subsection (g), which provides that a lawyer filing a discovery request, response or objection certifies by signing the document that it is "not interposed for any improper purpose, *such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation*."

\* \* \*

Rule 26(g) was added to address the reluctance of judges to impose sanctions on attorneys who abuse the discovery rules. *See* Brasil, Civil Discovery: Lawyers' Views of its Effectiveness, Principal Problems and Abuses, American Bar Foundation (1980). As one well-respected treatise observed, "Rule 26(b) was amended in 1983 to promote judicial limitation of the amount of discovery on a case-by-case basis *to avoid abuse or overuse of discovery through the concept of proportionality*." 8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2008.1 (3d ed. 2015). The Advisory Committee notes reported that "Ruled 26(g) makes explicit the authority judges now have to impose appropriate sanctions and requires them to use it. This authority derives from Rule 37, 28 U.S.C. § 1927, and the court's inherent power." (citation omitted.)

In 1998, the Supreme Court wrote that "Rule 26 vests the trial judge with broad discretion *to tailor discovery narrowly* and to dictate the sequence of discovery." Crawford–El v. Britton, 523 U.S. 574, 599, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The Supreme Court recognized that under Rule 26(b)(2), the trial court may, on its own motion, limit the frequency or extent of use of discovery methods *if it determines the burden or expense of proposed discovery outweighs its likely benefits. Id.* Rule 26(c) gives the trial court authority on motion, or on its own initiative, to limit the time, place, and manner of discovery, or bar discovery altogether on certain subjects, as required "*to protect a party or person from annoyance, embarrassment, oppression, or undue*

*burden or expense*." *Id*. Similarly, under Rule 26(d), the court may set the timing and sequence of discovery. *Id.* The Crawford–El decision emphasized that the trial court has broad discretion under Rule 26 in managing discovery "to facilitate prompt and efficient resolution of the lawsuit." *Id*.

In 2000, Rule 26 was again amended to call attention to the limitations of Rule 26(b)(2)(C). The Advisory Committee Notes indicate that the Advisory Committee was repeatedly told "that courts have not implemented these limitations with the vigor that was contemplated." 192 F.R.D. 340, 390 (2000). Thus, Rule 26 was amended to add an "otherwise redundant cross-reference ... to emphasize the need *for active judicial use of subdivision (b)(2) to control excessive discovery*." *Id*. (citing Crawford–El, 523 U.S. at 598, 118 S.Ct. 1584).

Recently, Chief Justice John Roberts issued his Year-End Report on the Federal Judiciary in which he addressed the 2015 amendments to the Federal Rules of Civil Procedure at length.1 The Chief Justice traced the "elaborate and time-consuming" procedure for promulgating and amending the rules which began in 2010 when the Advisory Committee on the Civil Rules sponsored a symposium on civil litigation attended by federal and state judges, law professors, plaintiff and defense lawyers, and representatives from business, government, and public interest organizations. The symposium identified the need for procedural reforms to: (1) encourage greater cooperation; (2) *focus discovery on what is truly needed to resolve cases*; (3) engage judges in early and active case management; and (4) address serious problems associated with vast amounts of electronically stored information. *Id.* at 4–5.

\* \* \*

The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Id*. The fundamental principle of amended Rule 26(b)(1) is "that lawyers *must size and shape their discovery requests to the requisites of a case*." *Id*. at 7. The pretrial process must provide parties

7

> with efficient access to what is needed to prove a claim or defense, *but eliminate unnecessary or wasteful discovery. This requires active involvement of federal judges to make decisions regarding the scope of discovery.*

*Roberts*, 312 FRD at 602-604; emphasis in italics added.

As Judge Leen further discussed in the *Roberts* decision, Fed. R. Civ. P. 26 gives the court broad discretion to "tailor discovery narrowly and to dictate the sequence of discovery" and emphasized that the trial court has broad discretion under Rule 26 in managing discovery in order "to facilitate prompt and efficient resolution of the lawsuit." *See Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

In addition, Rule 26(b)(2)(C)(iii) now requires that the court, either on a motion of party, or on its own, "must limit the frequency or extent of discovery otherwise allowed" by the Federal Rules if such discovery is outside the scope of that permitted by Rule 26(b)(1) - *i.e.*, not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(C)(iii). The Advisory Committee Notes state that this amendment was included to reflect both the transfer of the proportionality factors to the scope of discovery and to indicate "that the court must still limit the frequency or extent of discovery if it is not proportional to the needs of the case." Courts, thus, have a "*duty to pare down overbroad discovery requests* under Rule 26(b)(2)." *See Rowlin v. Alabama Dep't. of Pub. Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001). (emphasis added.)

Plaintiff should bear these discovery parameters in mind both as to any discovery which may be served in this case or as to any discovery motions Plaintiff may pursue.

///

///

## **CONCLUSION**

Plaintiff's Motion to Compel (ECF No. 122) is **DENIED** without prejudice. In view of this order denying Plaintiff's motion to compel, the court will not be addressing ECF No. 122 at the September 24, 2019, discovery/status conference.

**IT IS SO ORDERED**.

Dated: September 10, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE