**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

KENNETH FRIEDMAN,

    Plaintiff,

v.

ISIDRO BACA, *et al.*,

    Defendants.

Case No.: 3:17-cv-00433-MMD-WGC

**ORDER**

Re: ECF Nos. 181, 185

Before the court is Plaintiff's Motion to Stay Proceedings Pending Collateral Habeas Proceeding which Plaintiff further titled as "Emergency Motion." (ECF No. 181.)[1] More recently, Plaintiff has filed a Notice of Scheduling Conflict for Hearing (ECF No. 185). Both Plaintiff's motion (ECF No. 181) and Plaintiff's "Notice" (ECF No. 185) advance the same rationale for this court to defer proceedings on its docket because of Plaintiff's purported scheduling conflicts arising from a state habeas corpus action Plaintiff is pursuing (with assistance of counsel) in Nevada State District Court. Plaintiff does not provide a specific period of time for staying this action but suggests that "these proceedings should be STAYED during the collateral state court habeas proceedings." (ECF No. 181 at 3; emphasis in the original.) Plaintiff's motion discusses

---

[1] "Emergency Motions" are addressed in LR 7-4. This rule requires, inter alia, a statement by movant that prior to the filing of the emergency motion movant has participated in a meet-and-confer process to attempt to resolve the matter without court action. Plaintiff's motion fails to describe any effort Plaintiff undertook to first discuss with Deputy Attorney General Rands to attempt to reach an agreement regarding any stay request.

1

depositions his attorney may be taking through November 1, 2019 but again identifies no time frame within which "the collateral state court habeas proceedings in Clark County District Court" might be concluded. (*Id.* at 1-3.) Plaintiff seeks a stay of "all" proceedings – except for "any emergency motions." (*Id.* at 1.) Similarly, Plaintiff's "Notice" (ECF No. 185) is implicitly a request for this court to vacate its "motions hearing" on calendar for Tuesday, September 24, 2019, at 10:30 a.m.[2]

Although Plaintiff states he is extremely busy with discovery and motions regarding his state habeas action, the court notes the demands of his state litigation have not prevented him from multiple filings in this case in just the past six (6) months including:

| | |
|---|---|
| ECF No. 73 | Motion for Order Requiring Inspection, Copying, Possession of Personal Medical Records |
| ECF No. 74 | Motion for Injunctive Relief/TRO to Allow Legal Calls |
| ECF No. 100 | Second Amended Complaint |
| ECF No. 106 | Objection to Report and Recommendation |
| ECF No. 108 | Motion to Compel and Notice of Defendants' Failure to Comply with Order |
| ECF No. 113 | Notice re Defendants' Refusal to Comply with Court Ordered Psychiatric Evaluations and Motion to Compel |
| ECF No. 114 | Motion to Compel |
| ECF No. 122 | Motion to Compel Discovery |
| ECF No. 142 | Motion for Leave to File Motion for Injunctive Relief for Expungement of Report of Ex-Employee Jennifer Sexton |
| ECF No. 143 | Sealed Motion for Injunctive Relief for Expungement of Report of Ex-Employee Jennifer Sexton |
| ECF No. 149 | Emergency Motion for Protective Order of the Court on Oral Deposition |
| ECF No. 154 | Motion for Partial Summary Judgment |
| ECF No. 157 | Motion for Leave to File Document Under Seal |
| ECF No. 166 | Motion to Compel |

---

[2] Per ECF No. 176, the 9/24/2019 hearing, was scheduled to address two of Plaintiff's motions, his motion to compel (ECF No. 122) and his motion for protective order (ECF No. 149). Because the court has disposed of Plaintiff's motion to compel in its order of September 10, 2019 (ECF No. 186), the only matter remaining for the court's 9/24/2019 hearing is Plaintiff's "Emergency Motion for Protective Order of the Court on Oral Deposition." (ECF No. 149.)

2

| | |
|---|---|
| ECF No. 168 | Notice of Typographical Error in Court Order |
| ECF No. 169 | Motion to Strike Fugitive and Untimely Filings of Defendants |
| ECF No. 171 | Motion for Partial Summary Judgment |
| ECF No. 174 | Motion for Temporary Restraining Order |
| ECF No. 175 | Motion for Permanent Injunction |

Plaintiff's Motion and Notice identify various dates when Plaintiff might be scheduled for "legal visits and legal calls," i.e., "every single Wednesday between now and well past November 1, 2019 . . . ." (ECF No. 185 at 2.) The court's discovery conference which Plaintiff seems to request be vacated in his Notice is scheduled for *Tuesday*, September 24, 2019, which seemingly will not conflict with Plaintiff's Wednesday conference calls with his attorney. (ECF No. 176.)

The court recognizes it granted an earlier motion to stay by Defendants (Case Management order, ECF No. 160 at 3, granting in part Defendants' Motion to Stay, ECF No. 148). However, the stay was only for a very limited period of time, i.e., from August 1, 2019 through August 19, 2019. (ECF No. 160 at 3.)[3]

---

[3] The grounds for the brief stay the Attorney General articulated were set forth in the Defendants' motion as follows:

> "As this Court is well aware, the litigation in this matter has been abundant. This Court issued its Screening Order on Plaintiff's Amended Complaint just over a year ago, and one hundred forty-five (145) documents have now been filed, with no end on the horizon. Besides the matters pending before this Honorable Court, Plaintiff has also commenced proceedings in the Ninth Circuit Court of Appeals related to this matter. *See* ECF No. 123. Defendants' answering brief to the Ninth Circuit is due on August 5, 2019. *Friedman v. Baca, et al.*, USCA Docket No. 19-16136, Dkt Entry 2-1 at 1. The Ninth Circuit will not grant streamlined extensions. *Id.* at 2."
>
> * * *
>
> "Accordingly, Defendants respectfully request this Court stay the proceedings in this matter until August 19, 2019."

(ECF No. 148 at 2.)

The court's rationale for granting the stay was explained as follows in its August 1, 2019, Case Management Order:

> "This court notes that there have been an inordinate amount of filings in this case up to this point. The court is still awaiting relevant information to resolve Plaintiff's motion for temporary restraining order and preliminary injunction regarding his mental health treatment that was originally filed in January of 2019. The difficulty managing this case has been compounded by the fact that Plaintiff's filings present an excessive amount of briefing relative to the issues raised, and Plaintiff has on several occasions moved for relief that is collateral to the issues proceeding in this case."

> "In an effort to comply with Federal Rule of Civil Procedure 1's mandate that the court construe the rules to "secure the just, speedy, and inexpensive determination" of this action, the court finds it necessary to take additional steps to manage this case. Therefore, the court will grant Defendants' motion to stay proceedings in part."

(Case Management Order, ECF No. 160, p. 2, ll. 19-23; p. 3, ll. 1-6.)

## **DISCUSSION**

Whether to stay a case and its proceedings is vested in the sound discretion of the trial court. "[T]he decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). This decision "calls for the district court, in 'the exercise of judgment,' to 'weigh competing interests and maintain an even balance' between the court's interest in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732-33 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254-55.)

///

///

///

## **CONCLUSION**

In order to manage the voluminous filings in this matter, to ensure this case remains on track for resolution, and in the exercise of the court's discretion, the court **DENIES** Plaintiff's Motion to Stay (ECF No. 181) and the request to vacate the court's discovery conference as sought in Plaintiff's Notice (ECF No. 185).

**IT IS SO ORDERED**.

Dated: September 12, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE