# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    Plaintiff,

v.

ISIDRO BACA, *et al.*,

    Defendants.

Case No.: 3:17-cv-00433-MMD-WGC

**ORDER**

Re: ECF No. 149

Before the court is Plaintiff's Emergency Motion for Protective Order of the Court on Oral Deposition (ECF No. 149).[1] Defendants have responded to Plaintiff's motion (ECF No. 178) and Plaintiff has replied (ECF No. 187).

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC) and has brought a civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) for conduct that occurred while he was housed at Northern Nevada Correctional Center (NNCC) and High Desert State Prison (HDSP).

---

[1] "Emergency Motions" are addressed in LR 7-4. This rule requires, inter alia, a statement by movant that prior to the filing of the emergency motion movant has participated in a meet-and-confer process to attempt to resolve the matter without court action. Plaintiff's motion fails to describe any effort Plaintiff undertook to first discuss with Deputy Attorney General Rands to attempt to reach an agreement regarding any stay request.

1

Because of the myriad of objections Plaintiff has lodged with respect to the scope and legitimate areas of examination (or even the taking of his deposition), the court will first review in some detail the scope and nature of the Plaintiff's allegations which the court has allowed to proceed in Plaintiff's pleadings.

**A. Original Complaint & Screening**

Plaintiff filed his original complaint, which the court screened. (ECF Nos. 10, 11.) Plaintiff was allowed to proceed in Count I with an Eighth Amendment claim for deliberate indifference to a serious medical need based on allegations that Defendants Harris and Woods stopped providing treatment for a number of his mental health disorders. The other claims were dismissed with leave to amend. (ECF No. 10.)

**B. Amended Complaint & Screening**

Plaintiff filed an amended complaint, which the court also screened. (ECF Nos. 15, 16.) Plaintiff broadened the narrow focus on the averments in this original complaint and vastly expanded them in his First Amended Complaint. More specifically, Plaintiff was allowed to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against NNCC Psychiatrist Harris, NNCC Psychologist Nathaniel Woods, NNCC Psychologist Kyle, and (now former) Medical Director Romeo Aranas, alleging that these Defendants stopped providing him treatment for psychological issues. Specifically, he claims he is being deprived of adequate psychotherapy, counseling and rehabilitation, which causes him physical and psychological suffering.[2]

---

[2] He alleges that he was previously provided psychiatric services at Southern Nevada Adult Mental Health Services (SNAMHS) prior to his incarceration in Nevada, and then at HDSP, for long-term psychiatric issues including paraphilia, post-traumatic stress disorder (PTSD) (VA diagnosed), obsessive compulsive disorder (OCD), severe chronic dysthymia, clinical depression and bipolar disorder.

He was also allowed to proceed with a claim under RLUIPA, based on allegations that Woods, Kyle and Aranas would not allow him to obtain therapy unless he cut his hair and beard, in violation of his orthodox Jewish faith tenets.

**C. Supplemental Complaint**

Plaintiff subsequently moved to file a supplemental complaint. (ECF No. 26.) The court granted the motion, noting it would screen the proposed supplemental complaint. (ECF No. 30.)

The court screened the supplemental complaint (ECF No. 36) wherein the Plaintiff was allowed to proceed with a retaliation claim in Count IV, based on allegations that he learned in April of 2018 that an October 2017 disciplinary charge received from psych nurse Richards was a "typical form of retribution" by Richards. Plaintiff alleged that Ownsby advised him that Kyle, Pence and Wing created deliberate misdiagnoses after learning of grievances and a lawsuit to evade the need for PTSD treatment, and Plaintiff has been denied PTSD treatment because of this. He alleged that Ownsby was in a position to prevent this, but did nothing.

He also alleged in Count IV that he was put in the "hole" by Does 1 and 2 and was threatened with a retaliatory transfer to ESP over grievances and litigation. This claim was dismissed without prejudice because Plaintiff did not identify the particular defendants.

In Count V, he was allowed to proceed with Eighth Amendment and retaliation claims against Woods and Kyle. These claims were based on allegations that they restricted his access to mental health services to only a male mental health personnel to retaliate against him for filing grievances and lawsuit. Plaintiff alleges that they were trying to alter or suppress his sexuality and to keep him from seeking mental health services and to discourage litigation.

Last, Plaintiff asserted a retaliation claim against Does 1 and 2 in Count VI, which was dismissed without prejudice because Plaintiff failed to identify the Defendants.[3]

In ECF No. 83, Plaintiff was allowed to proceed with a Second Amended Complaint. He was directed, however, to file a single pleading, titled the "SECOND AMENDED COMPLAINT." The Second Amended Complaint was to contain ALL of the defendants, claims and allegations which the court has allowed Plaintiff to proceed on screening the amended, supplemental and first amended supplemental complaint. It was not allowed to include any additional allegations, claims or parties. It could not include parties, claims or allegations that have been dismissed. To make this very clear, the court stated that Plaintiff's second amended complaint may include the following claims from the amended complaint and proposed amended supplemental complaint:

(a) The Eighth Amendment deliberate indifference to serious medical needs claim (from the amended complaint) against Woods, Kyle, and Aranas, based on allegations that these defendants have deprived him of adequate psychotherapy, counseling and rehabilitation, in contravention of prior orders and treatment he received for his various mental health issues (both at SNAMHS and previously at HDSP).

(b) The RLUIPA claim (from the amended complaint) against Woods, Kyle and Aranas, based on allegations that they would not allow Plaintiff to obtain therapy unless he cut his hair and beard, in violation of the tenets of his orthodox Jewish faith.

---

[3] In this claim, Plaintiff alleged that on July 16, 2018, these Doe defendants contrived a need to send Plaintiff to Ely State Prison (ESP) as a security risk and placed him in Ad-Seg based on an incorrect classification score. In addition, they threatened a retaliatory transfer for his complaints and grievances at NNCC. He was then placed in a housing unit with less access to calls, religious activities and yard time. This occurred days after he refused a settlement offer.

(c) The retaliation claim (from Count IV of the proposed amended supplemental complaint) against Richards, Woods, Kyle and Ownsby, based on allegations that disciplinary charges were filed against him in retribution for filing grievances and lawsuits against NDOC staff. The court stated that if Ownsby was not served by April 5, 2019, the action would not proceed against Ownsby, and he would be dismissed from this action without prejudice.[4]

(d) The Eighth Amendment deliberate indifference to serious medical needs claim (from Count IV of the proposed amended supplemental complaint) against Ownsby, Kyle, Woods, Pence, and Wing, based on allegations that they restricted him to seeing only non-female mental health staff members because of his protected conduct, which resulted in his access to mental health care being severely constrained.

(e) Eighth Amendment and retaliation claims against Woods, Kyle, Pence, Ownsby, and Richards (from Count V of the proposed amended supplemental complaint) based on allegations that they restricted him to seeing only non-female mental health staff members because of his protected conduct, which resulted in his access to mental health care being severely constrained.

(f) A retaliation claim against Walsh and Doe 2 (from Counts IV and VI of the proposed amended supplemental complaint) based on allegations that they contrived a false classification score to lock Plaintiff up in administrative segregation after he refused to settle this case, and threatened him with a punitive transfer to ESP. In addition, after being released from administrative segregation, he alleges he received a retaliatory transfer to SDCC, which his classification notes precluded, on the basis of a false pretext of anonymous threatening kites against him which were not properly investigated.

---

[4] Ownsby was dismissed by District Judge Du as a Defendant on April 15, 2019. (ECF No. 103.)

Clearly, Plaintiff's Second Amended Complaint contains a multitude of diverse averments against numerous Defendants. It is the backdrop of Plaintiff's averments which must be considered when reviewing Plaintiff's motion for protective order.

## II. DISCUSSION

### A. Procedural Requirements Regarding a Protective Order

As a starting point, any motion for a protective order, under Rule 26(c)(1), must include a certification that ". . . the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." This obligation at preliminary resolution is also an element of LR 7-4, discussed in footnote 1 above. Plaintiff's motion is not accompanied by any such certification. Although Plaintiff references a phone call with Deputy Attorney General Rands where the subject of Plaintiff's deposition was seemingly discussed in general terms[5], there was certainly no follow up discussions, orally or in writing, where Plaintiff attempted to first resolve this discovery dispute, it does not appear either from Plaintiff's description of the phone call (ECF No. 149 at 1-3) or Defendants' counsel's (ECF No. 179 at 2-3) that the discussion involved either Defendants not taking his deposition at all or otherwise limiting its scope.[6]

Therefore, Plaintiff's motion fails procedurally for failing to satisfy Fed. R. Civ. P. 26(c)(1) and LR 7-4. *Gov't of Ghana v. ProEnergy Serv., LLC*, 677 F.3d 340, 342 (8th Cir. 2012); *Jordan v. Dep't of Labor*, 308 F.Supp.3d 24, 25 (D.D.C. 2018).

---

[5] The conversation Plaintiff alludes to was on July 12, 2019. (ECF No. 149 at 1.) The Defendants' motion to depose Plaintiff was filed July 18, 2019 (ECF No. 147). Plaintiff's response was the motion for protective order (ECF No. 149) with no intervening attempt to resolve the dispute.

[6] Mr. Rands' declaration states "[w]e did not have a discussion about limiting the scope of the deposition." (ECF No. 179 at 2, ¶ 12.)

Although the court denies Plaintiff's motion for procedurally failing to satisfy Rule 26(c)(1) and LR 7-4, the court also finds Plaintiff's motion fails substantively, as the court will now address.

**B. Substantive Issues Governing Protective Orders**

Whether and to what extent a protective order should be entered relative to a discovery dispute is governed by Fed. R. Civ. P. 26(c). However, prior to discussing Rule 26(c), the court notes that Rule 26(b) allows discovery as to any "non-privileged matter that is relevant to any party's *claim* or defenses . . . ." (emphasis added.) The reason the court took great pains to outline in detail Plaintiff's claims was to note the expansive nature of Plaintiff's civil rights claims which sets the stage for the discovery Defendants' counsel wants to undertake in the form of a Rule 30 deposition as Rule 26(b) and 30 permit. Discovery is permitted on any subject which is relevant to Plaintiff's claims. Defendants represent the questioning will be "standard questioning into his background, claims and alleged damages." (ECF No. 178 at 5.)

Typically, the party noticing the deposition may make inquiry into the deponent's claims which the deponent has made relevant.[7] *Medica v. Cox*, 2:11-cv-02163 DAD P. (E.D. Ca. 2013) (2013 WL 1281759, at *2). In *Medica*, Magistrate Judge Drozd stated that the court would not ". . . relieve plaintiff from participating in a future properly noticed deposition . . . Plaintiff filed this action and has a duty to prosecute it diligently . . . ." (*Id.*) Plaintiff Medica was a former

---

[7] The exception would be as to any privileged matter, and as per the rule, discovery may not be had as to privileged matters. Under Rule 26(b)(5), if a party claims the subject of any question is privileged, the party must assert an objection that specifically enables opposing counsel – and later, the court – to assess the applicability of the privilege. Examples of privileges which might pertain to this litigation are the attorney-client privilege, the privilege against self-incrimination or certain others which probably do not apply in this setting (e.g., spousal commencing actions, physicians, clergy, etc.).

7

state prisoner who commenced a § 1983 action who sought, among other relief, to be excused from giving his deposition because he was "in treatment and is taking prescribed medication." Judge Drozd found that Plaintiff's failure to submit any evidence showing his condition or prescribed medication ". . . would render him unable to provide deposition testimony. In fact, Plaintiff's numerous filings in this action contradict any claim that his thought process and ability to communicate are at all impaired." The court reaches the same conclusion about Plaintiff Friedman's mental and medical capacity, as Plaintiff's Second Amended Complaint, his numerous motions and memoranda[8] and most recently his motion for protective order (ECF No. 149) and reply memorandum (ECF No. 187) demonstrate.[9]

Rule 26(c) allows the court to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense . . . ." In view of the broad scope of Plaintiff's allegations against multiple Defendants on a myriad of subjects, the court fails to comprehend at this juncture how Defendants' examination on relevant issues arising by reason of Plaintiff's allegations would constitute annoyance, embarrassment, or oppression. In general, the court balances the need of the party seeking the discovery against the burden on the party responding. *Cazorla v. Koch Foods of Mississippi, LLC*, 838 F.3d 540, 555 (5th Cir. 2016). Again, because of the nature and content of Plaintiff's allegations, the court finds Defendants are entitled to depose Plaintiff. The court also finds Plaintiff has not carried his burden of demonstrating good cause to prevent his deposition

---

[8] *See*, e.g., ECF Nos. 26, 31, 47/48, 64, 66, 71, 73, 74, 87, 95, 97, 100, 102, 108, 113, 114, 123, 128, 137, 143, 144, 153, 154, 158, 166, 169, 171, 174/175, 181, 185, 187 and 190.

[9] Similar to Plaintiff Modica, Plaintiff Friedman submits no competence evidence his physical or mental health conditions would prevent him from providing deposition testimony.

from being taken at all, or if it is permitted, under "unduly prescriptive" terms and conditions Plaintiff demands relative to the scope of his deposition. (ECF No. 149 at 11-13.)

The general rule, as Defendants note at p. 3 of their memorandum, is that ". . . . courts will not grant protective orders that prohibit the taking of deposition testimony. *See, Medlin v. Andrew*, 113 F.R.D. 650 (M.D.N.C. 1987); *Salter v. Upjoin Co.*, 593 F.2d 649 (5th Cir. 1979); *In Re McCorhill Publishing, Inc.*, 91 B.R. 223 (Bankr. S.D.N.Y. 1988); 8 Wright and Miller Federal Practice and Procedure, § 2037 (1986 Supp.). See: *U.S. Equal Employment Opportunity Commission v. Ceasars Entertainment*, 237 F.R.D. 428 (D. Env. 2006)." (ECF No. 178 at 3.)

Therefore, the court declines to grant Plaintiff's motion to prohibit the taking of his deposition or severely restricting the scope of the questioning.

The recording of Plaintiff's deposition will be in accordance with Fed R. Civ. P. 30(b)(3). An officer appointed or designated under Rule 28 will conduct the deposition. Fed. R. Civ. P. 30(b)(5). Any objection by Plaintiff to any question propounded by Defendants' counsel "must be stated concisely in a non-argumentative and nonsuggestive manner." Fed R. Civ. P. 30(c)(2). In view of the nature of the restrictions Plaintiff sought to impose on the scope of Defendants' examination of Plaintiff, Plaintiff is advised that the court may issue "appropriate sanctions . . . on a party who impedes, delays or frustrates the fair examination of the deponent." Fed R. Civ. P. 30(d)(2). On a request by Plaintiff before the deposition is completed, Plaintiff shall be allowed thirty (30) days after the transcript is prepared to (1) review the transcript, and (2) to make changes in form or substance in the transcript by signing a statement listing the changes *and* the reasons for making them. Fed R. Civ. P. 30(c)(1).

Defendants shall attempt to schedule Plaintiff's deposition at a time which does not unnecessarily conflict with Plaintiff's conferences with counsel regarding his habeas proceedings or other matters attendant thereto. However, unreasonable delays sought by Plaintiff will not be tolerated by the court. Plaintiff's deposition shall be commenced within forty-five (45) days of the date of this order.

### III. CONCLUSION

Plaintiff's motion is procedurally deficient for not having demonstrated satisfaction of the pre-filing meet-and-confer conference attempting to resolve the discovery dispute.

Substantively, the court finds Plaintiff's motion does not establish good cause for either prohibiting his deposition or subjecting Defendants' counsel to the onerous conditions Plaintiff proposed at pp. 11-13 of his motion (ECF No. 149).[10]

**IT IS SO ORDERED.**

DATED: September 18, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[10] Although not controlling on the issues presented by Plaintiff's motion, Plaintiff states "there is no jury demand in the Second Amended Complaint." (ECF No. 149 at 7.) While Plaintiff may not have asserted a jury demand in this specific pleading, the parties have nonetheless adequately expressed an intent that this case be addressed by a jury. *See*, ECF No. 11 (Plaintiff's Complaint and Jury Demand), ECF No. 16 (Plaintiff's First Amended Complaint and Jury Demand), ECF No 31 (Plaintiff's Supplemental Complaint and Jury Demand), ECF No. 183 (Defendants' Answer to Plaintiff's Second Amended Complaint), etc.